306 So.2d 838 (1975)
Graham HOLLAND et al.
v.
Michael KEAVENEY et al.
No. 6594.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1975.
Rehearing Denied February 13, 1975.
Writ Refused April 18, 1975.
*839 David M. Cambre, Kenner, for Michael Keaveney and Interstate Fire and Casualty Company, defendants-appellants.
Daniel E. Becnel, Jr., Reserve, for Graham Holland, et al., plaintiff-appellee.
Roland J. St. Martin, La Place, for St. John the Baptist Parish Police Jury, defendant-appellee.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
Defendant, a demolition contractor, appeals from a judgment in favor of plaintiffs in the sum of $1,500 for the loss of a rare Besenji dog which occurred on October 4, 1972, when a swarm of honey bees *840 stung the dog to death after a wall in which their nests were located was leveled during the demolition of the old courthouse in St. John the Baptist Parish. The dog was caged in plaintiff's yard where they resided adjacent to the courthouse. Plaintiffs are tenants of the Parish School Board. The suit was dismissed as to the second defendant, St. John the Baptist Parish.
Recovery is sought not only for the loss of the dog but also for the mental anguish endured by Mrs. Holland while watching the dog suffer during the attack by the bees.
The defendant contractor's first specification of error is that the trial judge erred in finding him negligent. Keaveney claims he used care in the demolition of the building, and had no advance knowledge of the inordinately vast number of bees in the building. Defendant asserts that the formal bid for demolition contained no reference to the bees and that he had no duty to undertake the extermination of the insects. Moreover, according to the contractor, the police jury was aware of the large number of bees in the building and should have taken some precaution to afford protection to persons and animals in the area. Keaveney further seeks to exonerate himself from negligence by contending that the fact that the bees attacked and killed the dog is not within the realm of foreseeable risk.
The defendant contractor also claims that the strict liability responsibility of the owner under LSA-C.C. art. 667 does not apply to the contractor where a neighbor is injured. According to Keaveney, liability attaches to the contractor only after a finding of negligence. Keaveney, alternatively, argues that consistent with the holding in D'Albora v. Tulane University, 274 So.2d 825 (La.App. 4th Cir. 1973), and with LSA-C.C. art. 667, St. John the Baptist Parish, the owner of the property, also should have been cast in judgment. Finally, defendant complains of the excessiveness of the award.
In response to defendant's specifications of error, plaintiffs contend the contractor was negligent because he knew of the presence of the large amount of bees; he complained about them to a member of the police jury and unsuccessfully sprayed roach powder in hopes of containing them. Therefore, under the circumstances, defendant was derelict in not taking proper action to have the bees exterminated.
Plaintiffs further take the position, as claimed by the defendant contractor, that based on Article 667 of the Civil Code, the owner of the property (the Parish) is strictly liable for the damage caused to the neighbor. Plaintiffs claim also the parish is not free from negligence since the police jury was aware of the presence of the bees and failed to remedy the hazard.
In response, the police jury argues that the parish cannot be cast in judgment because they did not own the bees since the insects were in their natural state and were not cultivated for commercial use. Furthermore, the parish claims that no liability attaches to it because it had no knowledge of the presence of the bees in the building.
We reject at the outset the finding of negligence by the trial court on the part of the contractor. The duty owed by defendant contractor was to demolish the building with the exercise of reasonable care. This duty included the risk of damage caused from the careless or negligent demolition of the building. However, we fail to find that the duty owed by the contractor included the risk of damage caused by the swarming of an unusually large amount of bees when a wall was demolished. If we assume the contractor failed to exercise proper care either to exterminate or to have the bees exterminated, we nevertheless cannot conclude that the death of the dog in a neighboring yard is within the foreseeable risk chargeable to this defendant. *841 Under the circumstances, we do not agree with the trial court's finding that plaintiff is entitled to recovery against the contractor based on his negligence.
If liability attaches to the contractor in this case, it is through his relationship with the owner of the property, and is dependent on a theory of liability that an owner and his contractor are responsible for damages caused to a neighbor in accordance with a concept based on fault without negligence. See LSA-C.C. art. 667, art. 669[1] and art. 2315; D'Albora v. Tulane University, supra, and Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971).
In D'Albora, this court rendered judgment without a finding of negligence, against a subcontractor and owner in favor of a neighboring owner for damages caused as a result of pile driving activities on the owner's property. The court stated at page 829 of 274 So.2d:
"We conclude from our review of Reymond, Chaney and Langlois that the absence of negligence on a piling subcontractor's part is immaterial to his liability for damage caused by his pile-driving. Where causation is shown, the pile-driver's fault, in performing work he knows could damage neighbors, obliges him to repair the damage."[2]
In Langlois, supra, the court in citing with approval Gotreaux v. Gary, 232 La. 373, 94 So.2d 293, stated that the court in Gotreaux looked to LSA-C.C. art. 667 as the required standard of conduct in a crop spraying case and rejected negligence as a criterion for liability to a neighbor. According to Langlois, the Gotreaux court relied on LSA-C.C. art. 667 as the required standard and permitted recovery against a contractor through LSA-C.C. art. 2315.
However, in the D'Albora and Gotreaux cases, the awards were in favor of neighboring property owners for damages to immovable property. Our case is different in that the claim is not by a neighboring property owner but by a lessee of a neighboring owner for damages caused from mental anguish suffered by the lessee and for loss of property (the dog) owned by the lessee. Because we are not concerned with immovable property of a neighboring landowner, the claim by the plaintiffs in the instant case is closer to the claim asserted in the Langlois case where the court, in a personal injury matter, allowed recovery against a property owner through the application of LSA-C. C. art. 669 and art. 2315. In Langlois, recovery was made to a fireman for injuries sustained by gas inhalation from escaping gas from adjacent property. The court stated at page 140 of 249 So.2d:
"Here we find that proof that the gas escaped is sufficient, and proof of lack of negligence and lack of imprudence will not exculpate the defendant. The defendant has injured this plaintiff by its fault as analogized from the conduct required under Civil Code Article 669 and others, and responsibility for the damage attaches to defendants under Civil Code Article 2315."
Implicit in the Langlois and D'Albora decisions is the concept that *842 when one undertakes an ultrahazardous activity, one assumes responsibility for all anticipated and natural consequences of the performance of that activity. If one undertakes the driving of piles, he anticipates, and must by law, accept the responsibility for cracks in a neighbor's building which might result from that activity.[3] When one undertakes to store poisonous as, he is responsible for seepage of that gas as a natural consequence of that storage.[4] Nevertheless, one may undertake these activities because the benefits which enure to him outweigh the possibility that he might incur liability should any damages result. By the same token, when damage and injury results from an occurrence not anticipated as a natural consequence of an ultrahazardous undertaking, liability does not attach to the owner and contractor.
In the instant case, we find that demolition was an ultrahazardous activity, but we cannot conclude that the death of the dog caused by a swarming of the bees was a natural and anticipated consequence of the performance of such activity. The contractor and the owner of the property could not have possibly anticipated that such a bizarre event would occur and cause the dog's death. In such instance, we cannot conclude that liability attaches to a demolition contractor or a landowner based on LSA-C.C. art. 667, art. 669 and art. 2315. Under these circumstances, plaintiffs are not entitled to recovery.
Accordingly, that part of the judgment dismissing plaintiff's suit against St. John the Baptist Parish is affirmed. That part of the judgment in favor of plaintiffs and against defendant contractor, Michael Keaveney, is reversed. Judgment is recast and is now rendered dismissing plaintiffs' suit against defendants, St. John the Baptist Parish and Michael Keaveney. Costs to be paid by plaintiffs-appellees.
Affirmed in part, reversed in part.
NOTES
[1] LSA-C.C. art. 667 provides:

"Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
LSA-C.C. art. 669 provides:
"If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place."
[2] Reymond v. State, Department of Highways, 255 La. 425, 231 So.2d 375 (1970); Chaney v. Travelers Insurance Company, 259 La. 1, 249 So.2d 181 (1971); Langlois v. Allied Chemical, supra.
[3] D'Albora v. Tulane University, supra.
[4] Langlois v. Allied Chemical Corporation, supra.